IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**ROGER MOORE,**

       **Creditor/Appellant,**

   **vs.**                                        Civ. No. 20-1267  JCH/JFR

**RITO BILL SANCHEZ,**

       **Debtor/Appellee.**


**ORDER OVERRULING APPELLANT'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on the Creditor/Appellant's Brief in Chief, filed March 1, 2021, related to his appeal of the Bankruptcy Court's November 25, 2020, Opinion and concurrent Order Quieting Title, Avoiding Judicial Lien, and Granting Other Relief.  Doc. 11.  In his Proposed Findings and Recommended Disposition ("PFRD"), filed August 19, 2021, United States Magistrate Judge John F. Robbenhaar found that the Creditor/Appellant's Brief in Chief was not well taken and recommended that the Bankruptcy Court's November 25, 2020, Opinion and concurrent Order Quieting Title, Avoiding Judicial Lien, and Granting Other Relief be affirmed.  Doc. 14.  On September 2, 2021, Appellant timely filed Objections to the PFRD ("Objections") which are now before the Court.  Doc. 15.

    District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the

[magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered the relevant filings and Appellant's Objections in light of the foregoing standards, and has conducted a *de novo* review. Based on this review and for the reasons discussed below, the Court finds that Appellant's Objections to the Magistrate Judge's PFRD are unfounded and they are overruled.

### A.     Bankruptcy Court's Inherent Authority

In his Objections, Appellant incorporates by reference the arguments he raised in his Brief in Chief and Reply regarding the Bankruptcy Court's lack of authority to determine that the fee agreement at issue here was unenforceable. Doc. 15 at 1-3. To that end, Appellant restates

his argument that he has a statutory right to execute a valid state court default judgment, and that the validity of the default judgment foreclosed the Bankruptcy Court's ability to exercise its inherent or statutory authority, *sua sponte* or otherwise, to govern the conduct of attorneys practicing before it. *Id.* Appellant also restates that Bankruptcy Court Judge David T. Thuma failed to identify any improper conduct by Appellant before the Bankruptcy Court that would constitute a violation of the New Mexico Rules of Professional Conduct. *Id.* Having reviewed the PFRD and finding the magistrate judge's analysis to be both thorough and legally supported, and observing that Appellant has failed to present any substantive or meaningful argument in support of his Objections or that is directly responsive to the magistrate judge's analysis, the Court finds no error with the magistrate judge's finding that the Bankruptcy Court did not abuse its discretion when it exercised its inherent authority to conclude that Appellant could not collect on the default judgment he obtained in the underlying proceeding without violating NMRA § 16-105's prohibition against collecting an unreasonable fee or expense.

For the foregoing reasons, the Court finds no fault with the Magistrate Judge's PFRD on this issue and overrules Appellant's Objections.

**B.**     **Claim and Issue Preclusion**

In his Objections, Appellant similarly incorporates and reasserts the arguments he raised in his Brief in Chief and Reply that Judge Thuma violated the doctrines of res judicata and/or collateral estoppel when he concluded that the underlying fee agreement was unenforceable. Doc. 15 at 4-6. Upon review, the Court finds the PFRD sufficiently addressed Appellant's arguments and finds no fault with the magistrate judge's analysis. Notably, however, Appellant uses his Objections to modify the general argument he made in his briefing, *i.e.,* that Judge Thuma improperly relitigated the underlying debt, and specifically assert that these common law

doctrines of finality should apply because the state court, by entering a default judgment, addressed the merits of the interest rate in the fee agreement such that any issue as to the reasonableness of his fee was "clearly litigated and addressed by the New Mexico Second Judicial District Court." *Id.* at 5.  Appellant also argues that certain of the case law the magistrate judge cited to demonstrate that bankruptcy courts have deemed contractual and attorney fee agreements unenforceable for violating statutes and/or rules of professional conduct even in the face of default judgments is not applicable here.  *Id.* at 6.

      As to the former argument, generally issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.  *Hinzo v. N.M. Dep't of Corrections*, No. Civ. 10-506 JB/CG, 2013 U.S. Dist. LEXIS 55104, at *2-4 (D.N.M. Mar. 29, 2013) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.")).  However, given that the issue of claim and/or issue preclusion was raised broadly in Appellant's briefing, the Court will address Appellant's modified argument as raised in his Objections.  To that end, Appellant is grossly mistaken that the entry of a default judgment indicates that issues have been "clearly litigated." To the contrary, a "default judgment is generally not given preclusive effect under the collateral estoppel doctrine because no issue has been actually litigated."  *O'Brien v. Mitchell*, 883 F. Supp. 2d 1055, 1085 (D.N.M. 2012) (quoting *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994)); *see also Farah v. Pramil S.R.L.,* 300 F. App'x. 915, 918 (Fed. Cir. 2008) (unpublished) ("When judgment is issued as a result of a default, however, the underlying issues have not been actually litigated.  For that reason, a default judgment cannot serve to preclude the litigation of issues under the doctrine of collateral estoppel."); *Restatement (Second) of Judgments* § 27 cmt. e

(1982)("In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated.").

As to Appellant's latter argument, Appellant contends that certain of the case law the magistrate judge cited is distinguishable because there the issue of enforceability was before the court as raised by the parties, whereas here the Court raised the issue of enforceability *sua sponte* in the face of an "undisputed final judgment." Doc. 15 at 6.  The Court is not persuaded that this distinction is relevant.  Moreover, Appellant's argument, on the one hand, persists in disregarding the court's inherent and statutory authority to regulate the practice of attorneys who appear before it and to prevent an abuse of process and, on the other hand, suggests that the court should become an instrument of injustice in the face of unprotested professional misconduct that, in this case, resulted in an agreement to charge and collect an unreasonable fee in violation of NMRA 16-105.  *See generally* 8 Richard A. Lord, *Williston on Contracts* § 19:12 (4th ed. 2012) ("[I]f the illegality [of a contract] is serious enough, a court may raise it *sua sponte* to avoid becoming an instrument of injustice.").

For the foregoing reasons, the Court finds no fault with the Magistrate Judge's PFRD on this issue and overrules Plaintiff's Objections.

## CONCLUSION

In sum, following its *de novo* review and having addressed Plaintiff's Objections, the Court finds no fault with the Magistrate Judge's PFRD.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections are **OVERRULED** and the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 14) are **ADOPTED**;

**IT IS FURTHER ORDERED** that the Bankruptcy Court's November 25, 2020, Opinion and concurrent Order Quieting Title, Avoiding Judicial Lien, and Granting Other Relief are **AFFIRMED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE